**In re: Paul R. VENSEL, D.D.S., Debtor.**

**Bankruptcy No. 83–01674–R.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

May 16, 1984.

Paul S. Bliley, Jr., Richmond, Va., for debtor.

Lloyd J. Blaney, Madison, Wis., for Wis. Higher Educ. Corp.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

On November 10, 1983 Dr. Paul R. Vensel filed a petition in bankruptcy under Chapter 13 of the Bankruptcy Code. The Wisconsin Higher Education Corporation (Wisconsin), an unsecured creditor of approximately $14,500.00 in student loans, objected to confirmation of the debtor's plan. Wisconsin alleges debtor did not file in good faith pursuant to § 1325(a)(3). The parties submitted memoranda of law and after reviewing the debtor's plan in light of testimony presented at the hearing and counsel's briefs, the Court makes the following findings of fact and conclusions of law.

## STATEMENT OF FACTS

Dr. Paul R. Vensel is currently employed in a dentistry practice in Northern Virginia. He works for a dentist there on an hourly basis, earning approximately $2,750.00 per month. Dr. Vensel financed much of his education with student loans from various lending institutions, including Wisconsin, whose loan helped pay for Dr. Vensel's dentistry education.

Dr. Vensel failed the dental boards three times, in two different states, before he finally passed the Virginia boards. In September, 1982, Dr. Vensel purchased a private practice in Richmond, Virginia with a $34,700.00 loan from First & Merchants National Bank. Vensel secured the loan with $16,800.00 worth of collateral in dental equipment and accounts receivable. Unable to make the dental practice financially successful, Vensel changed to his present employment in November, 1983 and filed his Chapter 13 petition on November 10, 1983. No evidence suggests that Dr. Vensel ever filed previously for relief in bankruptcy.

Dr. Vensel has scheduled debts of $83,201.65. Approximately $16,800.00 of that figure is secured indebtedness with the remainder being unsecured. Of the remainder, $35,356.48 represents student loan obligations to Wisconsin and others. Finally, Dr. Vensel's amended Chapter 13 statement demonstrates monthly net income of $2,750.00 and monthly expenses of $2,505.00, leaving an excess of $245.00. Dr. Vensel proposed to submit $200.00 of this excess to the Chapter 13 trustee to fund his Chapter 13 plan.

The plan proposes to surrender to the secured creditor the collateral securing the obligation. It rejects an executory lease and proposes to pay an 11% dividend to unsecured creditors over the 36-month life of the plan.

## CONCLUSIONS OF LAW

Wisconsin objects to confirmation of Dr. Vensel's plan, asserting debtor's lack of good faith under § 1325(a)(3). Both parties agree that the appropriate test to determine good faith is that adopted by the Fourth Circuit in *In re Deans*, 692 F.2d 968 (4th Cir.1982). In *Deans*, the Fourth Circuit joins the majority of circuit courts reviewing the good faith issue, and applies the totality of the circumstances test to determine good faith on a case by case basis. *See, e.g., Flygare v. Boulden*, 709 F.2d 1344 (10th Cir.1983); *In re Johnson*, 708 F.2d 865 (2d Cir.1983).

The court in *Deans*, listed eight factors which could be included in analyzing a debtor's good faith. The court, however, cautioned that this list was not exhaustive or exclusive. As stated in Wisconsin's rebuttal brief[1] that list includes:

1. The percentage of proposed repayment.
2. The debtor's financial situation.
3. The period of time repayment will be made.
4. The debtor's employment history and prospect.
5. The nature and amount of unsecured claims.
6. The debtor's past bankruptcy filings.
7. The debtor's honesty in representing facts.
8. Unusual or exceptional problems facing the debtor.

Wisconsin's assertion that the debtor did not file his petition in good faith stems primarily from creditor's interpretation of the fifth factor in the *Deans* test, the nature and amount of unsecured claims. Wisconsin argues that (1) the debtor has failed to propose a substantial and meaningful dividend in light of the amount of the student loan obligations, which would be nondischargeable in a Chapter 7 proceeding; (2) not all the debtor's excess income is being committed to funding the plan; (3) they should be treated as a separate class in the debtor's plan; (4) the debt-

or should pay a larger dividend by proposing a five-year plan; and (5) the debtor's sole purpose for filing Chapter 13 is to discharge student loan obligations which would be otherwise nondischargeable under § 523(a)(8); and (6) that these factors clearly evidence the debtor's lack of good faith. The Court finds Wisconsin's argument unpersuasive on this point for several reasons.

■ First, the law is settled that the discharge of an obligation which would be nondischargeable in a Chapter 7 proceeding is not, standing alone, sufficient basis to find bad faith or deny confirmation. *See, e.g., In re Lincoln*, 30 B.R. 905, 909 (Bkrtcy.D.Col.1983); *In re Jonson*, 17 B.R. 78 (Bkrtcy.S.D.Ind.1981); *In re Terry*, 9 B.R. 314 (Bkrtcy.D.Col.1981).

■ Second, the Court finds no authority to support Wisconsin's argument that the debtor must place Wisconsin in a separate class. Although the debtor may establish separate classifications of creditors which are not unfairly discriminatory, 11 U.S.C. § 1322(b)(1), the debtor is under no obligation to do so and cannot be forced to do so by a creditor. Likewise, the debtor is under no obligation to propose a five-year plan as opposed to a three-year plan.

■ The only arguments of substance brought by Wisconsin is whether the debtor lacks good faith because of the percentage of repayment and the amount of excess income not being committed to the plan. Originally, errors in the debtor's Chapter 13 statement suggested excess monthly income of approximately $250.00 after payment to the Chapter 13 trustee. This would seem to suggest bad faith, however, the debtor's counsel represented to the Court that such excess did not exist in fact and an appearance of such excess resulted from attorney error in completing the Chapter 13 statement. Moreover, after amending the statement to reflect accurately the debtor's expenses, Wisconsin was given an opportunity to examine the

---

1. *See* Wisconsin's brief in support of their objection to confirmation, at 3.

debtor regarding the amendments. Thus, in light of these facts and the amended Chapter 13 statement, it appears that the debtor has proceeded in good faith and plans to commit substantially all of his excess monthly income to repaying his creditors through a Chapter 13 plan.

Finally, Wisconsin points out that the percentage of proposed repayment is so minimal as to evidence lack of good faith. It appears to the Court that 53% of the debtor's total unsecured indebtedness consists of student loan obligations. In addition, it does not appear that any of his other obligations would be nondischargeable in a Chapter 7 proceeding. Thus, this Court is asked whether an 11% repayment in Chapter 13 constitutes bad faith when 53% of the debtor's obligations would be nondischargeable debts in Chapter 7. Many courts have addressed similar problems, however, a consistent approach has not developed. Good faith was found where the debtor proposed a 32% dividend to unsecured creditors and nearly 80% of the unsecured debt was student loan obligations. See In re Rowe, 17 B.R. 870 (Bkrtcy.E.D.Va.1982). Also, a 26% dividend was found to be sufficient to overcome an allegation of bad faith where 65% of the debtors unsecured debt consisted of student loan obligations. See In re Lambert, 10 B.R. 223 (Bkrtcy.E.D.N.Y.1981).

The above cited cases suggest that this Court could within its sound discretion find that an 11% dividend in this matter does not evince bad faith. The result may appear to be unfortunate if not unfair to Wisconsin, however, it is not up to this Court to rewrite the provisions of Chapter 13 of the Bankruptcy Code. Congress wanted to encourage the use of Chapter 13 by providing those who took that option with a broader discharge than they would receive in Chapter 7. See 11 U.S.C. § 1328. It appears that the debtor has simply attempted to use the law as written to his advantage. Moreover, it further appears that the law in this district is that

> [t]he good faith principle or doctrine has been dramatically altered by the dis-

charge provisions of Chapter 13. In simpler words, 11 U.S.C. § 1328(a) overrides 11 U.S.C. § 1325(a)(3) .... [Consequently,] it is not bad faith to utilize the liberal discharge provisions of Chapter 13.

In re Seely, 6 B.R. 309, 313 (Bkrtcy.E.D. Va.1980). Accordingly, this Court will deny Wisconsin's objection and order that the debtor's Chapter 13 plan be confirmed.