**In re Patricia Ann STURGEON, Debtor.**

**Bankruptcy No. IP85–0117WP.**

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

July 8, 1985.

Kevin P. Dempsey, Hopper & Opperman, Indianapolis, Ind. for debtor.

Robert A. Brothers, Christ, Hadler & Brothers, Indianapolis, Ind. for trustee.

Clyde Williams, Richmond, Ind. for decedent's mother.

### ENTRY ON OBJECTION TO CHAPTER 13 PLAN

ROBERT L. BAYT, Bankruptcy Judge.

This matter came before the Court on the objection to confirmation of plan filed by the Estate of Christopher Helmsing. Present at the hearing were Clyde Williams, counsel for the mother of the decedent, Christopher Helmsing; the debtor, Patricia Ann Sturgeon; and the debtor's counsel, Kevin P. Dempsey.

The decedent's mother's objections are as follows:

(1) Since the debt is non-dischargeable, the debt should be paid in full into the plan.

(2) The tithing to the debtor's church in the sum of $140.00 per month was excessive and not a necessary living expense and

should be considered disposable income to be paid to creditors.

(3) Since the debtor is living with her father, she should not set aside $350.00 per month to pay him for rent and utilities.

After hearing the evidence and receiving certain letters and documents and reviewing same, the Court makes the following entry on the objection to the confirmation.

The Court was presented with a tragic account of how the debtor, while driving under the influence of liquor, crashed into the car of Christopher Helmsing causing his death. The debtor plead guilty to causing the death of another while intoxicated and the court sentenced her to 5 years in prison, then suspended those years and placed her on restrictive probation. This Court truly sympathizes with the mother of the decedent for the loss she has suffered. This Court does not know all the facts and circumstances that led up to that tragic day, but apparently the state court judge who sentenced the debtor heard mitigating evidence on the debtor's part.

While the circumstances here are extremely distressing, Chapter 13 of the United States Bankruptcy Code allows debtors to pay back their debts under a plan if certain requirements are met. The requirements that we are concerned with here is whether the plan has been filed in good faith and whether all the debtor's disposable income has been submitted to the plan. The objector's attorney contends that since the debt would be a non-dischargeable one under Section 523(a)(9), the debtor should pay the entire amount of the debt to the decedent's estate; and in the alternative, that since it is a non-dischargeable debt, the plan is not filed in good faith.

■ U.S.C. Section 1328 indicates that if the debtor completes the plan, all debts are discharged except those debts of the kind specified in Section 523(a)(5). That section, of course, refers to debts in the nature of support, maintenance or alimony. Therefore, none of the other sections of Section 523(a) are applicable to Chapter 13. So a debtor need not pay in full a debt that is non-dischargeable under Section 523(a)(9).

■ Also, the fact that a Chapter 13 plan would discharge an obligation which would be non-dischargeable in a Chapter 7 proceeding is not, standing alone, sufficient basis to find bad faith or deny confirmation. *In re: Vensel,* 39 B.R. 866 (Bankr.E. D.Va.1984); *In re: Lincoln,* 30 B.R. 905 (Bankr.D.C.Colo.1983); *In re: Ali,* 33 B.R. 890 (Bankr.D.Kan.1983).

■ The debtor's father is on a disability pension under Social Security and has living expenses and house payments in excess of his income. While the debtor may have lived with her father rent free at some time, the Court does not find it out of the ordinary that the debtor contribute money to the household now. Certainly, if she would move out, she would have to commit that amount she is presently paying her father for rental expenses. The Court, therefore, concludes that the payment of $250.00 per month to the father for rental expenses and one-half of the utility expenses is a necessary living expense.

■ The question remains whether tithing to the church of the debtor is a necessary living expense or one that is required by the laws of God. The debtor maintains that she is required to give 10% of the "fruits of her labor" to the church. While this is a noble thought and gesture on her part, the Court does not believe that there is any church law requiring this donation; it is more a matter of conscience. Tithing, of course, should be encouraged. It supports the church financially which in turn allows the church to give spiritual comfort and sustenance to the community that supports it. The situation that the Court is presented with here is that a mother has lost her son through extremely distressful circumstances and she is in great need of aid and comfort. While money can never replace the loss of her son, it can help pay the bills the mother has still outstanding from the funeral.

The Court believes that under the circumstances presented here that it would be

more just and more noble a gesture to offer the $140.00 per month to the Estate of Christopher Helmsing. The Court believes that the church understands this and would agree with its ruling.

As a matter of law then the Court concludes that under the circumstances of this case the tithing of $140.00 per month is not a necessary living expense and that the debtor should commit this amount to her plan as it is part of her disposable income.

The debtor has 10 days from the date of this entry to so amend her plan.