**In re Harry Cecil MILES & Carol H. Miles, Debtor(s).**

No. 88–02177.

United States Bankruptcy Court, N.D. Florida, Panama City Division.

Feb. 1, 1989.

Charles Wynn, Marianna, Fla., for debtors.

T. Whitney Strickland, Trustee, Tallahassee, Fla.

## ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN

LEWIS M. KILLIAN, Jr.,
Bankruptcy Judge.

THIS MATTER came on for hearing on confirmation of the debtors' Chapter 13 plan. The trustee filed an objection to the plan primarily on the ground that the debtors' schedule of income and expenses reflect that the debtors are paying and continue to pay $160.00 per month to their church.

The plan as submitted by the debtors proposes payments to the trustee of $50.60 per month for a period of 36 months. These payments after deduction of the trustee's ten (10%) percent commission would produce only $1,639.44 total payments against $88,899.00 in unsecured debts, or approximately a two (2%) percent dividend over the life of the plan. The Chapter 13 statement filed by the debtors reflect net monthly take home pay of $1,144.92 out of which they donate $160.00 per month to their church.

Under the provisions of § 1325(b)(1), the Court may not confirm a Chapter 13 plan over the objection of the trustee or the holder of an allowed unsecured claim unless the plan provides as of the effective date of the plan

(A) The value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

(B) The plan provides that all of the debtor's projected disposable income to be received in the three (3) year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

Disposable income is defined by § 1325(b)(2) as follows:

(2) For purposes of this subsection, "disposable income" is income which is received by the debtor and which is not reasonably necessary to be expended—

(A) for the maintenance or support of the debtor or a dependent of the debtor;

(B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

The issue presented then is whether the Court over the objection of the trustee can confirm a plan which pays only a minimal dividend to unsecured creditors while the debtors continue to devote a substantial amount of their income to support of their church.

Reported cases have gone both ways as to whether confirmation of a Chapter 13 plan may be denied based on the debtor's continuation of religious contributions. In *In re Green*, 73 B.R. 893 (Bkrtcy.W.D. Mich.1987), the Court held that to deny confirmation on such grounds would constitute a violation of the constitutional separation of church and state. However, the courts in *In re Sturgeon*, 51 B.R. 82 (Bkrtcy.S.D. IN 1985) and *In re Reynolds*, 83 B.R. 684 (Bkrtcy.W.D. MO 1988) denied

confirmation where the debtors proposed to continue their tithes during their Chapter 13 plans. We agree with the rulings in *Reynolds* and *Sturgeon* and reject the proposition in *Green* that the constitutional separation of church and state protects debtors who with the ability to make payments to their creditors choose instead to donate those funds to their church. While church donations may be a source of inner strength and comfort to those who feel compelled to make them, they are not necessary for the "maintenance or support of the debtor or a dependent of the debtor" and accordingly these debtors failed to meet the disposable income test required for confirmation of their plan.

Accordingly, it is hereby

ORDERED AND ADJUDGED that confirmation of the debtors' Chapter 13 plan be and the same is hereby denied.

DONE AND ORDERED.