**In re John O. TUCKER,**
**SS# 509–60–5174, Debtor.**

**Bankruptcy No. 13–89–00632 MA.**

United States Bankruptcy Court,
D. New Mexico.

July 13, 1989.

Karen B. Grabeklis, Albuquerque, N.M., debtor.

Steve H. Mazer, Albuquerque, N.M., trustee.

Kelley L. Skehen, Albuquerque, N.M., FNBG.

### ORDER

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court for confirmation of the debtor's chapter 13 plan and the objection thereto filed by the First National Bank of Grants.

First National Bank of Albuquerque, according to the schedules on file herein, was owed approximately $22,472.00 as of the date of filing. The debt was secured by a 1989 Toyota Camry automobile and was

incurred in January of 1989, just two months prior to the filing of this chapter 13 proceeding on March 9, 1989.

The debtor's plan values the Toyota at $11,488 and proposes to pay that amount plus interest at the rate of $371.08 for 38 months. The balance of First National's claim is to be treated as unsecured.

Debtor further has proposed to pay $64.00 per month for 45 months to the trustee for distribution pursuant to the plan. From that amount, the trustee is to take his fee and is to pay debtor's counsel an additional $660.27 for attorney fees. The debtor estimates that this will result in an dividend to unsecured creditors of approximately two percent.

The First National Bank of Grants objected to the debtor's plan on the grounds that it was not proposed in good faith, that it does not commit future disposable income to the plan, and that it does not provide that all of debtor's current disposable income be paid to the trustee. At the hearing on this matter, debtor's counsel orally amended the plan to provide that any increase in disposable income was to be paid to the trustee.

The bank bases its argument that not all disposable income is currently devoted to the plan on the fact that the debtor's monthly budget provides for a $100.00 per month contribution to his church.

A chapter 13 debtor's right to contribute to a religious organization has been the subject of several reported opinions, the most recent of which is *In re Miles*, 96 B.R. 348 (Bkrtcy.N.D.Fla.1989). *Miles* is remarkably similar to the instant case. A payment of $50.60 for 36 months, resulting in an approximate two percent (2%) dividend was proposed. The debtors proposed a contribution of $160.00 per month to their church. The *Miles* court found that church donations are not necessary for the maintenance or support of the debtor or a dependent of the debtor as disposable income is defined in 11 U.S.C. 1325(b)(2). The *Miles* court relied on *In re Reynolds*, 83 B.R. 684 (Bkrtcy.W.D.Mo.1988) and *In re Sturgeon*, 51 B.R. 82 (Bkrtcy.S.D.In.1985). *Reynolds* holds that a contribution of 3% or less of the debtor's gross income would be an al-

lowable amount of a charitable contribution while *Sturgeon* finds no amount appropriate. *See also In re Curry*, 77 B.R. 969 (S.D.Fla.1987).

The Court in *In re Red*, 60 B.R. 113 (Bkrtcy.E.D.Tenn.1986) held that payments of $1.50 a week to United Way are not reasonably necessary for the maintenance and support of the debtor or her dependent. *See also Matter of Davis*, 68 B.R. 205 (Bkrtcy.S.D.Ohio 1986) *and In re Chrzanowski*, 70 B.R. 447 (Bkrtcy.D.Del.1987) (Courts in conjunction with other factors found that substantial contributions to religious and charitable organizations barred confirmation of the proposed chapter 13 plan.)

This Court agrees with the reasoning of *Sturgeon, supra.* By allowing a chapter 13 debtor to deduct contributions to any organization, the Court necessarily is forcing the debtor's creditors to contribute to the debtor's church or favorite charity. Congress could have intended no such result. The Court will therefore deny confirmation of the proposed chapter 13 plan. Debtor has 15 days to file an amended plan or a motion to convert to chapter 7 or the case will be dismissed.