**In the Matter of Daniel & Geraldine ANDERSON, Debtors.**

**Bankruptcy No. BK91–41839.**

United States Bankruptcy Court, D. Nebraska.

April 3, 1992.

Pollak & Hicks Law Firm, Omaha, Neb., for debtors.

Michael Lustgarten, Omaha, Neb., for Bell Federal Credit Union, creditor.

Kathleen Laughlin, Omaha, Neb., Chapter 13 standing trustee.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

The Bell Federal Credit Union objects to confirmation of the debtors' Chapter 13 plan under § 1325(b)(1)(B) on the ground that the plan fails to pay debtors' disposable income to the Chapter 13 Trustee. The Credit Union contends that debtors' proposed expenditure of $200.00 per month on charity and recreation is not permitted.

Under § 1325(b)(1)(B), a debtor must pay all disposable income to the Chapter 13 Trustee if an objection to confirmation is filed. Disposable income means income not reasonably necessary for maintenance and support of the debtor or a dependent. *See* § 1325(b)(2).

The issue before the court is whether debtors' proposed expenditures are "reasonably necessary" for maintenance and support.

Debtors' declaration establishes that $200.00 per month will be spent as follows:

| | | |
|---|---|---|
| a. | Sports League Dues/Expenses | $ 67.00 |
| b. | Church Offering | $ 75.00 |
| c. | Children's Drum & Bugle Corps | $ 20.00 |
| d. | Omaha World–Herald/Newspaper Subscription | $ 10.75 |
| e. | One Night Out/With Children | $ 18.50 |
| f. | Miscellaneous | $ 10.00 |
| | TOTAL | $201.25 |

Debtors' Schedule "J" lists an additional $15.00 per month for charity and $150.00 per month for clothing.

As recently noted in an insightful student article, decisional law reflects a very strict judicial attitude on the question of whether and to what extent recreational and charitable expenses are reasonable and necessary for maintenance and support under § 1325(b)(1)(B). Comment, *Reasonably Necessary Expenses or Life of Riley?: The Disposable Income Test and a Chapter 13 Debtor's Lifestyle*, 56 Mo.L.Rev. 617, 648 (1992).

Although a majority of courts permit a Chapter 13 debtor some recreational spending, expenses such as country club dues and health club memberships have been considered unnecessary or excessive expenditures for a Chapter 13 debtor. *See In re Chrzanowski*, 70 B.R. 447, 450 (Bkrtcy. D.Del.1987); *In re Kitson*, 65 B.R. 615, 622 (Bkrtcy.E.D.N.C.1986).

The majority of reported decisions conclude that charitable donations are not reasonably necessary for maintenance and support. *See In re Reynolds*, 83 B.R. 684, (Bkrtcy.W.D.Mo.1988); *In re Red*, 60 B.R. 113 (Bkrtcy.E.D.Tenn.1986); *In re Gyurci*, 95 B.R. 639 (Bkrtcy.D.Minn.1989); *In re Tucker*, 102 B.R. 219 (Bkrtcy.D.N.M.1989).

■ In determining whether a Chapter 13 debtor is devoting all disposable income to payments under the plan, courts should evaluate the debtor's proposed budget in its entirety in light of the Chapter 13 plan. Courts should not become preoccupied with the exercise of a "line item veto" over budget items. There should be no judicial prohibition upon charitable giving, particularly to religious organizations. Nor should the court attempt to inject itself into such inherently personal choices as whether limited funds are spent on charity, movies, cable television, music lessons, sport leagues or health clubs. Some discretionary expenses are necessary for maintenance and support, *In re Greer*, 60 B.R. 547 (Bkrtcy.C.D.Cal.1986), but the total amount of such expenditures should be limited. Chapter 13 debtors should be permitted to budget a reasonable amount for miscellaneous discretionary expenditures and the funds may be used for such purposes as debtors may determine. Chapter 13 debtors are not required to live at a poverty level. They are eligible for Chapter 7, but have elected to pay some of their debt under Chapter 13. The courts should be mindful that an overly restrictive view of discretionary income could discourage Chapter 13 cases.

■ The reasonableness of proposed discretionary expenses must be evaluated in light of debtors' income and Chapter 13 plan payments. A high income debtor making substantial payments under the plan may retain a greater dollar amount for discretionary expense than could a debtor of modest income who proposes to make no payments to unsecured creditors under the plan. Congress has provided no real guidance to the courts, so judges must determine disposable income questions as best they can, without the benefit of an articulated objective standard. I will be the first to concur that this is a subjective endeavor—one left to be decided by judges in the clear light of the facts of real cases.

■ In considering this debtors' plan and budget, I conclude that all disposable income is not devoted to the plan. Monthly discretionary expenses in this case include $215.00 recreational and charity, $150.00 clothing, and additional $15.00 charity. These expenses are not reasonably necessary for maintenance or support. The discretionary income spent by the debtors in this case on soft expenses is simply too high.

Debtors' gross monthly income is $3,144.00. The proposed plan provides for payments by debtors of $475.00 per month for 60 months. Debtors do have equity in collateral, and the proposed plan will pay unsecured creditors $4,940.00. I conclude that debtors should be required to increase payments under the plan by $120.00 per month. Instead of the proposed $270.00 per month, debtors will have $150.00 per month for discretionary expenses on such items as charity, recreation and clothing.

The plan should not be confirmed.

A separate order will be entered consistent herewith requiring payments under the plan to be increased.