**In re Kurt C. AICHLER, Debtor.**

**Bankruptcy No. 94–44260–H3–13.**

United States Bankruptcy Court,
S.D. Texas
Houston Division.

April 10, 1995.

David W. Barry, Houston, TX, for debtor.

Dale Ellis, Houston, TX, for Keith Jordan.

Brooke E. Smith, Leonard Hurt Terry & Blinn, P.C., Houston, TX, for Michael D. Lesem, M.D.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

The court has heard the Motion to Dismiss Simultaneous Bankruptcy Case for Bad Faith Filing (Docket No. 6), filed by Michael D. Lesem and Keith Jordan. After reviewing the pleadings and considering the evidence, the court makes the following Findings of Fact and Conclusions of Law. A separate conforming Judgment will be entered, dismissing the case. To the extent any of the Findings of Fact may be considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law may be considered Findings of Fact, they are adopted as such.

### Findings of Fact

1. On September 30, 1993, Kurt C. Aichler ("Debtor") filed a voluntary Chapter 7 petition in Case No. 93–47343–H3–7.

2. A discharge was entered as to all dischargeable debts not the subject of adversary proceedings in Case No. 93–47343–H3–7 on January 28, 1994, and a final decree was entered closing the case on July 25, 1994.

3. Two adversary proceedings had been timely filed, but not yet tried, at the time of discharge. These debts have not been discharged, and remain to be determined. Michael D. Lesem had filed Adv. No. 93–4764

on December 28, 1993, alleging an exception to discharge in Debtor's Chapter 7 case. Keith Jordan had filed Adv. No. 93–4771 on December 30, 1993, also alleging an exception to discharge in the Chapter 7 case.

4. Debtor filed a voluntary Chapter 13 petition in Case No. 94–44260–H3–13 on June 21, 1994.

5. Each of the adversary proceedings urging exceptions to discharge alleged that Debtor through his company, Aichler Group, Inc., contracted to build homes for the plaintiffs, and obtained substantial sums of money from each of them. It is alleged that Debtor then failed to pay his subcontractors, such that Lesem and Jordan had to pay the subcontractors in order to avoid having their properties become encumbered by mechanics' liens.

6. Aichler Group, Inc. was listed by Debtor in his Chapter 7 schedules as another name used by Debtor. Debtor testified that Aichler Group, Inc. had lost its corporate franchise. Debtor, in his individual capacity, gave to Lesem a promissory note for $52,130.17, the amounts Lesem had paid to Debtor's subcontractors. Debtor also promised to make repayment to Jordan of $4,411.79, the amounts Jordan paid to Debtor's subcontractors.

7. Debtor filed the instant Chapter 13 case prior to the date scheduled for trial in the adversary proceedings filed in the Chapter 7 case by Lesem and Jordan. The only creditors listed in Debtor's schedules in the Chapter 13 case are Debtor's attorneys, the Internal Revenue Service, Lesem, and Jordan.

8. The Chapter 13 plan proposed by Debtor (Docket No. 10) proposes to pay what Debtor claims is his disposable income of $300 per month, to the Chapter 13 Trustee. After paying priority claims, a total of $1,550.00 is estimated to remain for distribution to unsecured creditors over the term of the plan. This amount is approximately six percent of the scheduled unsecured claims of Lesem and Jordan.

9. Debtor's schedules reflect that his homestead is located in the 1800 block of Albans, in Houston, Texas, in the Rice University–Texas Medical Center area. Debtor schedules the value of his home at $200,000.00. Debtor's real property schedules also include a beach lot in Galveston, Texas.

10. Debtor lists in his personal property schedule three automobiles, including a BMW. Debtor testified that he drives the BMW.

11. Debtor testified that within the year prior to filing his Chapter 13 petition, which was during the pendency of the Chapter 7 case, he had taken a fishing trip to Colorado, and had also taken recreational travel to San Francisco, Florida, and Michigan with his wife.

*Conclusions of Law*

1. As a general rule, a debtor may not have two bankruptcy cases pending simultaneously. *In re Fountain,* 142 B.R. 135 (Bankr.E.D.Va.1992).

2. However, even when the discharge has been entered in a Chapter 7 proceeding, a debtor is not barred as a matter of law from filing a Chapter 13 proceeding. *In re Saylors,* 869 F.2d 1434 (11th Cir.1989).

3. The fact that a debtor uses Chapter 13 to obtain discharge of a debt which would not be dischargeable in a prior Chapter 7 case is not bad faith as a matter of law. *Matter of Chaffin,* 836 F.2d 215 (5th Cir. 1988).

4. A good faith inquiry under § 1325(a)(3) of the Bankruptcy Code requires a careful examination of the totality of the circumstances surrounding the debtor's Chapter 13 filing. *Chaffin,* 836 F.2d, at 217.

5. Some of the elements considered by a court in considering bad faith are the amount of the proposed payments, debtor's earning capacity, types of debt sought to be discharged, frequency with which the debtor has sought bankruptcy relief, and the motivation and sincerity of the debtor. *In re Robinson,* 987 F.2d 665 (10th Cir.1993); *In re Fischer,* 136 B.R. 819 (D.Alaska 1992).

6. To answer the question of good faith or lack thereof, the court is ultimately

required to determine whether there has been an abuse of the provisions, purpose, or spirit of Chapter 13. *Matter of Smith,* 848 F.2d 813 (7th Cir.1988); *Matter of Jones,* 119 B.R. 996 (Bankr.N.D.Ind.1990).

7. Chapter 13 debtors should not be able to continue the extravagances which put them into bankruptcy while their unsecured creditors go unpaid. *In re Reyes,* 106 B.R. 155 (Bankr.N.D.Ill.1989).

8. Lesem and Jordan believe Debtor's debts to them are nondischargeable in Chapter 7 upon trial of the adversary proceedings.

9. Debtor and his wife, who did not file as a debtor in either bankruptcy case, are presently employed with gross income of approximately $18,500 per month, or $222,000 per year. After scheduled business expenses are deducted, Debtor and his wife retain approximately $4,500 per month. No children were shown as living in the home or as dependents living elsewhere.

10. Debtor's schedules show a prosperous lifestyle. His monthly budget for home mortgage payment is $1,326.00, for food is $400.00, for electricity is $300.00, for cable television is $45.00. The court takes judicial notice that an ordinary loaf of sliced bread costs approximately $1.00 in this community. The schedules do not reflect that any of the expenses of the home he shares with his wife are to be taken out of her income. All household expenses appear to be taken out of the funds available to his creditors, and none from his wife's income.

11. Debtor scheduled payment of $1,000 per month to a contract draftsperson as an ongoing expense for the term of the Chapter 13 plan, when in fact Debtor was paying the draftsperson for services rendered on a construction contract that was nearing completion.

12. Debtor's conduct since filing his first case, the Chapter 7 case, indicates that he has not made much effort to rehabilitate with regard to the practices that led him to bankruptcy. Debtor's travel and entertainment budget has increased from $150 per month to $600 per month between the date the Chapter 7 schedules were filed and date the Chapter 13 schedules were filed, a period of approximately nine months. His testimony did not indicate any serious efforts to economize, and the court found not credible his testimony as to why the recreational travel and driving the BMW were economical.

13. The court concludes based on the totality of the circumstances that the instant Chapter 13 petition was filed in bad faith.

14. Dismissal is an appropriate treatment of a Chapter 13 case filed in bad faith. *Matter of Beauty,* 42 B.R. 655 (Bankr. E.D.La.1984) *app. dism'd,* 745 F.2d 53 (5th Cir.1984).

15. Dismissal with prejudice to refiling for 180 days is appropriate to prevent abuse of the bankruptcy process. *In re Stathatos,* 163 B.R. 83 (N.D.Tex.1993).

Based on the foregoing, the court will enter a separate Judgment dismissing Case No. 94–44260–H3–13 with prejudice to the Debtor's filing another bankruptcy case for 180 days following entry of the judgment.