**In the Matter of Ronnie L. SHELLEY, II, and Gloria J. Shelley, Debtors.**

**Bankruptcy No. BK98–41983.**

United States Bankruptcy Court, D. Nebraska.

March 8, 1999.

Mr. Allan J. Eurek, Lincoln, NE, for Debtors.

Mr. Jerry Jensen, Omaha, NE, for United States Trustee.

Joseph H. Badami, Chapter 7 Trustee.

## *MEMORANDUM*

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This matter is before the Court upon the United States Trustee's Motion to Dismiss Under 11 U.S.C. § 707(b) for Substantial Abuse (the "Motion"), and Objection/Resistance by Debtors. The case is dismissed under 11 U.S.C. § 707(b).

The debtors initially reported aggregate annual gross income of $46,935.48 and aggregate annual net income of $39,999.60. Debtors now allege that their aggregate annual net income has decreased to $37,722.84 due to deductions for certain benefits.[1] Debtors' unsecured debt is $70,703.39. Debtors have three (3) minor dependents residing with them. As the debtors have the ability to make substantial payments to creditors over the next three years under a Chapter 13 plan, I conclude that this Chapter 7 case shall be dismissed.

---

1. Debtors' allege that their aggregate income has been reduced due to a reduction in debtor Ronnie Shelley's retirement income and due to deductions for health and life insurance.

### LAW

■ Section 707(b) of the Bankruptcy Code provides for dismissal of a Chapter 7 case filed by an individual debtor where the debts are primarily consumer debts and the court finds that granting relief would be a substantial abuse of Chapter 7 proceedings. 11 U.S.C. § 707(b). To qualify as having primarily consumer debt, it is sufficient that more than half of the dollar amount owed by the debtor is a consumer debt. *United States v. Kelly (In re Kelly)*, 841 F.2d 908, 913 (9th Cir. BAP 1988).

■ Debtors have argued that the Trustee's Motion should be dismissed based, in part, upon debtors' inability "to retire even one-third of their outstanding debt under a three year Chapter 13 plan...." This Court has previously held that the appropriate test to apply when determining whether a debtor has sufficient expendable income to fund a Chapter 13 Plan is "whether or not a debtor can make substantial payments to creditors over the life of a three-year Chapter 13 Plan." *In re Coleman*, 231 B.R. 760 (Bankr. D.Neb.1999). Where the debtor has the ability to make substantial payments, it is a substantial abuse of the bankruptcy process to permit the debtor to proceed in Chapter 7.

### DISCUSSION

Debtors' total unsecured debt is $70,-703.39, and there are no secured creditors. The debtors are individuals and their debts are primarily consumer debts pursuant to 11 U.S.C. § 707(b).

■ Debtors list aggregate net monthly income of $3,333.30, and aggregate monthly expenses of $2,353.00. Debtors' assert that both the net monthly income and monthly expense figures, as listed on Schedules I and J, have changed since the time of filing. Debtors' disposable monthly income pursuant to the original schedules is $980.30. Debtors' now assert, by way of a letter to the United States Trustee's Office, that their net monthly income has been reduced to $3,143.57, and that their monthly expenses should be increased to $2,804.48, which yields net disposable income of $339.00 per month. However,

I conclude that some of the expense figures are discretionary and excessive and are not reasonable or necessary for the maintenance or support of the debtors or their dependents. 11 U.S.C. § 1325(b)(2). In the context of a Chapter 13 case, these debtors would be expected to cut excessive expenses, making more disposable income available with which to pay creditors. *See generally In re Anderson*, 143 B.R. 719 (Bankr.D.Neb. 1992).

■ The following monthly expenses listed on debtors' bankruptcy schedules are to some extent discretionary and*or excessive.

First, debtors' list $700.00 per month as a monthly food expense. This amount is excessive and could be reduced. I also note that the debtors' allege additional expenses in the amount of $100.00 per month for school lunches for their children.

Second, debtors' list recreation expenses of $250.00 per month. This is a discretionary expense, it is on the high side and it should be reduced.

Third, debtors' list $200.00 per month for transportation, and have asserted an additional $50.00 per month for automobile maintenance. As these sums do not include an automobile payment, they are on the high side and could be reduced.

I have taken into consideration the fact that debtors are residing in a two bedroom house with a monthly rental rate of $415.00. This housing expense is certainly on the low side. However, based upon all of the facts in this particular case, I conclude that the debtors can fund a Chapter 13 Plan.

Having carefully considered debtors' income and expenses, I conclude that the debtors could make monthly payments in excess of $450.00 in a Chapter 13 case. The ability to make payments of $450.00 per month is sufficiently substantial to render these debtors' utilization of Chapter 7 an abuse of the bankruptcy process. Monthly payments of $450.00 would payoff approximately $16,-200.00 of debtors' unsecured debt under a three-year plan.

A separate order dismissing this case under 11 U.S.C. § 707(b) will be issued concurrently herewith.

IT IS SO ORDERED.

### ORDER

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that this bankruptcy case is dismissed effective 14 days after the date hereof, unless prior to that date, debtors duly file a motion to convert this case from Chapter 7 to Chapter 13.

IT IS SO ORDERED.