**In the Matter of William S. CHAFFIN, Debtor.**

**Appeal of William S. CHAFFIN.**

No. 86–1854
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Jan. 25, 1988.

Before RUBIN, KING,[*] and HIGGINBOTHAM, Circuit Judges.

**ON RECONSIDERATION BY THE COURT SUA SPONTE**

ALVIN B. RUBIN, Circuit Judge:

Acting on its own motion, the panel has reconsidered its decision in this case. We

---

[*] Due to his death on October 19, 1987, Judge Hill did not participate in this decision. The petition for rehearing is being decided by a quorum. 28 U.S.C. § 46(d).

[*] Formerly Carolyn Dineen Randall.

modify our previous opinion so as to delete the final three paragraphs [1] and, for the reasons stated in this opinion, remand to the district court for further factual determination concerning Chaffin's good faith in proposing his Chapter 13 plan.

The facts are outlined in our previous opinion. We adhere to our holding that the fact that Chaffin is invoking Chapter 13 to obtain discharge of a debt previously held non-dischargeable in Chapter 7 because it was incurred through fraud cannot, as a matter of law, suffice to show bad faith. Because the bankruptcy court in effect found that these factors *per se* constituted bad faith, we reverse the district court's judgment affirming the bankruptcy court.

On reconsideration of the record, however, we find that other circumstances might exist that would warrant a finding of bad faith, and we direct the bankruptcy court to enter findings concerning these and any other circumstances that might indicate whether Chaffin did or did not act in bad faith.

First, the bankruptcy court should consider whether the payments under the plan fairly reflected Chaffin's ability to pay, considering both his current and projected future income. The debtor's likely future income is a factor other circuits have examined in determining whether a minimal-repayment plan is proposed in good faith.[2] In particular, however, the court should consider whether the plan, which proposed payments of $10 a month for three years from its commencement date, committed all of Chaffin's projected disposable income for those three years. The court should not, however, look beyond the three-year period, because another provision of Chapter 13, § 1325(b)(1)(B), specifically autho-

rizes the confirmation of a plan that meets those requirements despite the objections of the trustee.[3] Chaffin's failure to take into account his likely income after that period had expired, therefore, would not indicate a lack of good faith under § 1325(a)(3).[4]

Second, because Chaffin's partnership was already in bankruptcy when he defrauded Newman, the court should consider whether Chaffin concocted the fraudulent scheme with the intent of using bankruptcy proceedings to avoid repayment. In cases in which the underlying fraud and a bankruptcy filing are all part of one scheme, or the debtor never intended to repay the debt, the courts have uniformly denied confirmation.[5]

Third, the court should consider the fact that Newman, the creditor, has not challenged the Chapter 13 plan, although he opposed Chaffin's earlier attempt to obtain discharge of the debt in Chapter 7. The court has the authority and duty to examine a plan even when no creditor has objected,[6] but the absence of objection is a relevant consideration, for it may lend equity to the debtor's position or indicate that the creditor accepts the plan as honestly filed or believes it is all he will ever receive from Chaffin.

In *Matter of Little Creek Development Co.*,[7] a Chapter 11 case, the bankruptcy court on its own motion determined that the debtor's petition for reorganization had not been filed in good faith. This court reversed, requiring that, in such circumstances, "facts appear in the record that clearly warrant a finding of bad faith."[8] The liberal policy of Chapter 13, affording

1. *Matter of Chaffin*, 816 F.2d 1070 (5th Cir. 1987).

2. *Flygare v. Boulden*, 709 F.2d 1344, 1347 (10th Cir.1983); *In re Estus*, 695 F.2d 311, 317 (8th Cir.1982); *Deans v. O'Donnell*, 692 F.2d 968, 972 (4th Cir.1982).

3. 11 U.S.C. § 1325(b)(1)(B) (1987 Supp.).

4. *See In re Easley*, 72 B.R. 948, 955 (Bkrtcy.M.D. Tenn.1986); *In re Red*, 60 B.R. 113 (Bkrtcy.E.D. Tenn.1986).

5. *See, e.g., Memphis Bank & Trust Co. v. Whitman*, 692 F.2d 427, 432 (6th Cir.1982); *In re*

*Chase*, 43 B.R. 739, 743 (D.Md.1984); *Margraf v. Oliver*, 28 B.R. 420 (S.D.Ohio 1983); *In re Troyer*, 24 B.R. 727 (N.D.Ohio 1982); *see also In re Kazzaz*, 62 B.R. 308, 313 (Bkrptcy.E.D.Va.1986).

6. *See, e.g., In re Bowles*, 48 B.R. 502, 505 (Bkrptcy.E.D.Va.1985); *In re Harris*, 62 B.R. 391, 393 n. 1 (Bkrtcy.E.D.Mich.1986).

7. 779 F.2d 1068 (5th Cir.1986).

8. *Id.* at 1074.

a clean start even to a debtor with a tainted past, likewise requires a clear justification for denying confirmation of a plan to which no creditor has objected.

We emphasized in *Public Finance Corp. v. Freeman*[9] that the good-faith inquiry under § 1325(a)(3) requires a careful examination of the totality of the circumstances surrounding the debtor's Chapter 13 filing. As the Second Circuit has stated in a similar context, without further fact-finding by the bankruptcy court we cannot "tell whether [Chaffin] and [his] counsel are playing games or filing a bona fide plan that must be confirmed if it meets all six requirements of 11 U.S.C. § 1325."[10]

For these reasons, we modify our prior opinion, REVERSE the district court, and REMAND the case to the district court with directions to remand it to the bankruptcy court for further proceedings consistent with this opinion and the remainder of our previous opinion.

---

**9.** 712 F.2d 219, 221 (5th Cir.1983).

**10.** *In re Johnson,* 708 F.2d 865, 868–69 (2d Cir. 1983).