**In re Charles Odis ALTMANN.**

**No. 99–53087SEG.**

United States Bankruptcy Court,
S.D. Mississippi,
Southern Division.

Nov. 27, 2000.

Robert A. Byrd, Biloxi, MS (Obj. to Confirmation), Robert A. Willemoes, Wiggins, MS (Motion for Modification), for Plaintiff.

Robert A. Willemoes, Wiggins, MS (Obj. to Confirmation), Robert A. Byrd, Biloxi, MS (Motion for Modification), for Defendant.

### OPINION

EDWARD R. GAINES, Bankruptcy Judge.

Before the court is the Objection to Confirmation, or in the Alternative to Convert or Dismiss filed on behalf of Margaret M. Altmann. Also before the court is the Motion for Modification of Plan filed on behalf of the Debtor, Charles Odis Altmann. Having considered the pleadings and memoranda submitted by counsel for the parties, as well as the evidence and testimony presented at the trial of the matter, the court concludes that the Motion for Modification by the Debtor should be denied; the Objection to Confirmation should be sustained; and, the Motion to Dismiss should be granted.

### I. FACTUAL BACKGROUND

1. On July 20, 1999, a petition for relief under Chapter 13 of Title 11 of the United States Code was filed by Charles Odis Altmann in the United States Bankruptcy Court for the Southern District of Mississippi.

2. An objection to confirmation or in the alternative to convert or dismiss was filed by Margaret M. Altmann on October 18, 1999. The objection noted that Margaret M. Altmann is the holder of a judgment in the original principal amount of $249,821.39 rendered in the Chancery Court of Wayne County, Mississippi.[1] The Chancellor's opinion included the following findings:

> The Court finds that the Defendant's conduct in this case was reprehensible, outrageous and abusive toward his grandmother, Margaret. There is abundant evidence to show that Chip, at a time when his grandmother was sick and distraught over the death of her son, took her money in the sum of $121,-000.00. This conduct evidences malice and a total disregard for the rights of his grandmother.
>
> Based upon the foregoing, this Court awards a judgment against Charles Odis Altmann and in favor of Margaret Altmann. . . .

Findings of Fact and Conclusions of Law, No. 97–0285 (May 11, 1999). There was no appeal taken from the decision rendered in the Wayne County Chancery Court.

3. The objection to confirmation filed by Margaret Altmann includes allegations that the debtor's plan was not proposed in good faith as required by 11 U.S.C. § 1325(a)(3), that the judgment evidences an obligation that is otherwise nondischargeable in a Chapter 7[2], and that the debtor omitted assets from his Schedules and Statement of Financial Affairs.

4. On June 16, 2000, the debtor filed a motion for modification of plan indicating there were errors in the unsecured debts portion of the plan filed.

5. Briefs were subsequently filed on behalf of the parties on the issues raised

and the matters were set for trial on November 2, 2000.

## II. CONCLUSIONS OF LAW

The matters before the court are core proceedings pursuant to 28 U.S.C. § 157. The court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. § 157 and § 1334.

Section 1325 of the Bankruptcy Code includes the following provision:

> § 1325. Confirmation of plan.
>
> (a) Except as provided in subsection (b), the court shall confirm a plan if—
>
> . . .
>
> (3) the plan has been proposed in good faith and not by any means forbidden by law; . . .

11 U.S.C. § 1325(a)(3).

■■■ In *In re Chaffin*, 836 F.2d 215 (5th Cir.1988), the Fifth Circuit stated the following:

> We adhere to our holding that the fact that Chaffin is invoking Chapter 13 to obtain discharge of a debt previously held non-dischargeable in Chapter 7 because it was incurred through fraud cannot, as a matter of law, suffice to show bad faith. Because the bankruptcy court in effect found that these factors per se constituted bad faith, we reverse the district court's judgment affirming the bankruptcy court.
>
> On reconsideration of the record, however, we find that other circumstances might exist that would warrant a finding of bad faith, and we direct the bankruptcy court to enter findings concerning these and any other circumstances that might indicate whether Chaffin did or did not act in bad faith . . .
>
> We emphasized in *Public Finance Corp. v. Freeman* that the good-faith inquiry under § 1325(a)(3) requires a careful ex-

---

**1.** Evidence at trial indicated that the judgment was amended on June 24, 1999, to reflect a total judgment against Charles Odis Altmann in the sum of $173,787.39.

**2.** In the debtor's response to the objection to confirmation it is admitted that some of the obligation might be nondischargeable in a Chapter 7 proceeding.

amination of the totality of the circumstances surrounding the debtor's Chapter 13 filing.

*Id.* at 216–17.

 In examining the circumstances in this case, the following factors are noted. One hundred percent of the debt scheduled in the debtor's Chapter 13 relates to the Chancery Court proceeding and adverse judgment. There was no pending foreclosure or garnishment pending at the time the debtor filed his petition. Also, there was no effort made by the debtor to repay the debt owed. In addition to these factors, there was no appeal taken from the Wayne County Chancery Court judgment, and the debtor's Chapter 13 proceeding may reasonably be viewed as an attempt to substitute for an appeal. Based on the Chancery Court's opinion, the judgment would constitute a nondischargeable debt under Chapter 7. Additionally, the Chancellor found that a fiduciary relationship existed between the debtor and his grandmother.[3]

In considering the debtor's conduct, the Chancellor specifically found that his conduct was reprehensible, outrageous and abusive toward his grandmother. In addition to these factors the debtor did not appear to deal openly and honestly with his creditors in the bankruptcy proceeding. He filed a mechanic's lien against his grandmother's property that he failed to disclose in the bankruptcy. Additionally, the notice of bankruptcy to his grandmother was mailed to an address where she had not lived for two years.

Having considered the totality of circumstances surrounding the filing of the debtor's Chapter 13 proceeding, the court concludes that the debtor appears to have filed the proceeding in lieu of an appeal of the Chancery Court judgment and has failed to act in good faith in filing the Chapter 13. The court further concludes that the requirements of 11 U.S.C. § 1325(a)(3) have not been met and that

the objection to confirmation filed by Margaret M. Altmann should be sustained, and the debtor's motion for modification should be denied. The further concludes that the debtor's Chapter 13 proceeding should be dismissed.

An order will be entered consistent with these findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58. This opinion shall constitute findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.

---

**3.** *See, In re Sitarz,* 150 B.R. 710 (Bankr. D.Minn.1993).