**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2012

No. 11-30982

Lyle W. Cayce
Clerk

In the Matter of:  PATRICIA ANN CRAGER

Debtor

-------------------------------------------------------------------------

LUCY G. SIKES

Appellee

v.

PATRICIA ANN CRAGER

Appellant

Appeal from the United States District Court
for the Western District of Louisiana

Before HIGGINBOTHAM, HAYNES, and HIGGINSON, Circuit Judges.
PATRICK E. HIGGINBOTHAM, Circuit Judge:

This is an interlocutory appeal in a bankruptcy case.  The district court reversed the bankruptcy court's confirmation of the debtor's Chapter 13 plan, ruling that the debtor's plan was not filed in good faith. The debtor appeals the district court's order.  We REVERSE the district court's ruling and AFFIRM the bankruptcy court's confirmation of the debtor's Chapter 13 plan.

No. 11-30982

## I.

The debtor, Patricia Ann Crager, is unemployed, and her main source of income is $1,060 per month in Social Security benefits plus $16 per month in food stamps.  Her main asset is her primary residence, which is valued at $55,000 and encumbered by a $40,662 mortgage.  Her mortgage payments are $327.10 per month.  She also has $7,855.27 in credit card debt; her minimum monthly payments total $197.  Prior to filing her Chapter 13 petition, Crager was current on all mortgage and credit card payments.  However, in early 2010, Crager learned that if she continued making the minimum payments on her credit cards, it would take her 17 to 20 years to pay off her balances. She contacted the loss mitigation departments of her credit card companies to seek an interest rate or monthly payment reduction but did not receive either.

Crager decided that her best course was to file for bankruptcy under Chapter 13 because it would have taken her over a year to save enough money to pay the up-front costs for a Chapter 7 bankruptcy and to do so she would have needed to stop making her minimum monthly credit card payments.  She also was concerned that filing Chapter 7 would prevent her from declaring bankruptcy again for a longer period than would Chapter 13, and she believed that a Chapter 7 bankruptcy would stay on her credit report longer.  Crager filed Chapter 13, with her attorney advancing the court costs of $274.

A few months after Crager filed her Chapter 13 petition and plan, the Trustee objected to confirmation of the plan.  The objection asserted that Crager's petition and plan were not filed in good faith pursuant to 11 U.S.C. § 1325(a)(3) and (7) and that the amount of attorney's fees sought by Crager's attorney was unreasonable.  After a contested hearing, the bankruptcy court overruled the Trustee's objection and approved Crager's Chapter 13 petition and plan and the requested legal fees and advanced legal costs.

2

No. 11-30982

The Trustee appealed, and the district court reversed the bankruptcy court's confirmation of Crager's Chapter 13 plan and entered an order requiring the bankruptcy court to find on remand that Crager's Chapter 13 plan was filed in bad faith. Crager appealed to this court.

## II.

As an initial matter, we address the Trustee's argument that we lack jurisdiction to hear Crager's appeal because the district court's ruling was not a "final order." "[W]e have jurisdiction over this case only to the extent that the judgments below are considered 'final' within the meaning of [28 U.S.C.] § 158(d) or [28 U.S.C.] § 1291."[1] The § 158(d) standard allows us to review a bankruptcy order entered by the district court if it is a "'final determination of the rights of the parties to secure the relief they seek,' or a final disposition 'of a discrete dispute within the larger bankruptcy case for the order to be considered final.'"[2] Here, the district court determined that Crager's Chapter 13 plan was a *per se* violation of the "good faith" requirement because virtually the entire amount that she paid to the Trustee would go to her attorney. Because Crager's appeal involves a discrete dispute within her case, the district court's ruling may be deemed a final order for purposes of § 158(d), and we have jurisdiction over Crager's appeal.

---

[1] *Bartee v. Tara Colony Homeowners Ass'n* (*In re Bartee*), 212 F.3d 277, 282 (5th Cir. 2000); *see* 28 U.S.C. § 158(d) ("The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered [by the district courts hearing bankruptcy appeals]."); 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . .").

[2] *Bartee*, 212 F.3d at 282 (quoting *IRS v. Orr* (*In re Orr*), 180 F.3d 656, 659 (5th Cir. 1999)).

No. 11-30982

## III.

"When a court of appeals reviews the decision of a district court, sitting as an appellate court, it applies the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court."[3] A bankruptcy court's determination whether a debtor has acted in good faith is a finding of fact that we review for clear error,[4] giving "due regard" to the bankruptcy court's opportunity to judge the credibility of witnesses.[5] We review de novo the bankruptcy court's determination of questions of law.[6] The bankruptcy court's award of attorney's fees is reviewed for abuse of discretion. A bankruptcy court abuses its discretion when it applies an improper legal standard or employs improper procedures in calculating a fee award, or rests its decision on findings of fact that are clearly erroneous.[7]

## IV.

## A.

In this circuit, courts apply a "totality of the circumstances" test to determine whether a Chapter 13 petition and plan are filed in good faith,[8] and the bankruptcy court applied that standard when it approved Crager's plan. In approving the plan, the bankruptcy court focused on the rising cost of medical

---

[3] *Kennedy v. Mindprint* (*In re ProEducation Int'l, Inc.*), 587 F.3d 296, 299 (5th Cir. 2009) (citation, alterations, and quotation marks omitted).

[4] *See Jacobsen v. Moser* (*In re Jacobsen*), 609 F.3d 647, 652 (5th Cir. 2010).

[5] FED. R. BANKR. P. 8013; *see Robertson v. Dennis* (*In re Dennis*), 330 F.3d 696, 701 (5th Cir. 2003).

[6] *See In re Dennis*, 330 F.3d at 701.

[7] *Cont'l Ill. Nat'l Bank & Trust Co. of Chi. v. Charles N. Wooten, Ltd.* (*In re Evangeline Ref. Co.*), 890 F.2d 1312, 1325 (5th Cir. 1989).

[8] *See Suggs v. Stanley* (*In re Stanley*), 224 F. App'x 343, 346 (5th Cir. 2007) (per curiam) (unpublished) (citing *In re Chaffin*, 816 F.2d 1070, 1073 (5th Cir. 1987), *modified, In re Chaffin*, 836 F.2d 215, 216-17 (5th Cir. 1988)).

4

## No. 11-30982

care and suggested that Crager had a legitimate fear that a future medical problem might leave her in a situation in which she had to take on more debt and might need to file another Chapter 13 petition. The court found that it would "border on malpractice" for Crager's attorney to advise her to file a Chapter 7.

The Trustee suggests that Crager's plan is against the spirit of Chapter 13, and indeed, one of the factors a court should consider in applying the totality of the circumstances test is "whether the plan shows an attempt to abuse the spirit of the bankruptcy code."[9] But that is only one of at least seven factors.[10] Moreover, the bankruptcy court had the opportunity to judge Crager's credibility as a witness and found credible her proffered reasons for filing a Chapter 13 petition. It was not clearly erroneous for the bankruptcy court to find that Crager's plan was not an attempt to abuse Chapter 13, but rather a responsible decision given her particular circumstances. There is no rule in this circuit that a Chapter 13 plan that results in the debtor's counsel receiving almost the entire amount paid to the Trustee, leaving other unsecured creditors unpaid, is a per se violation of the "good faith" requirement, and the district court erred when it reversed the bankruptcy court on that ground.

### B.

Alternatively, the Trustee argues that the bankruptcy court abused its discretion when it awarded $2,800 in attorney fees to Crager's counsel.

This issue turns on the relationship between the standard for awarding compensation to the debtor's attorney set forth in 11 U.S.C. § 330 and the "no-

---

[9] *Id.* at 346 (citation and quotation marks omitted).

[10] *See id.*

No. 11-30982

look" fee established by a Standing Order of the United States Bankruptcy Court for the Western District of Louisiana.[11]

Under 11 U.S.C. § 330, the bankruptcy court may award to Crager's attorney "reasonable compensation . . . for representing [Crager's] interests . . . in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in th[e] section."[12]  Those factors include "the nature, the extent, and the value" of the attorney's services, including

> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.[13]

---

[11] *See* U.S. Bankruptcy Court for the Western District of Louisiana, Standing Order Regarding "No-Look" Fees and Addendums in Chapter 13 Cases (Mar. 5, 2010), *available at* http://www.lawb.uscourts.gov/judge/orders/StandingOrderReNoLookFees_Addendums.pdf [hereinafter "Standing Order"].

[12] 11 U.S.C. § 330(a)(4)(B).

[13] *Id.* § 330(a)(3).

No. 11-30982

Under the Standing Order, a maximum no-look fee of $2,800 applies in a Chapter 13 case.[14] The Standing Order allows the Trustee to file an objection to the presumptive fee and provides that, following notice to the debtor and a hearing, the bankruptcy court may adjust the fee. It notes that the no-look fee is not "an entitlement."[15]

In this case, the Trustee objected to the bankruptcy court awarding the "no-look" fee on the basis that Crager's bankruptcy was "more simplistic and less complicated" than the average Chapter 13 case. Specifically: (1) the Trustee would make no disbursements to secured creditors; (2) there were only five unsecured creditors; (3) Crager's only sources of income were food stamps and Social Security benefits; (4) Crager had not filed an income tax return since 2004; and (5) Crager was judgment-proof and had no seizable assets. The bankruptcy court stated that it was the Trustee's burden not merely to raise a reasoned objection to the fee but to prove that the no-look fee should not apply, and it concluded that the no-look fee was reasonable.

The bankruptcy court was incorrect when it stated that it was the Trustee's burden to prove that the presumptive fee was unreasonable. As the Standing Order notes, the no-look fee is not an entitlement, and the Standing Order does not supplant the requirements of 11 U.S.C. § 330. Therefore, the bankruptcy court was obligated to consider the factors listed in the statute if the Trustee raised a reasoned objection.

However, we see no error in the bankruptcy court's finding that the no-look fee was reasonable under the circumstances. Most importantly, the Trustee's objection was based on the false premise that Crager's case was "more simplistic" than the average Chapter 13 bankruptcy. Indeed, the Trustee's own

---

[14] Standing Order at 2.

[15] *Id.* at 1.

7

No. 11-30982

"bad faith" challenge to Crager's plan transformed the case from a routine Chapter 13 matter into a complicated proceeding. Given this added complexity, the reasoning of the Trustee's objection was not sound, and the bankruptcy court did not err in allowing the $2,800 no-look fee.

## V.

For the foregoing reasons, we REVERSE the ruling of the district court and AFFIRM the bankruptcy court's confirmation of Crager's Chapter 13 plan.