# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 5, 2013

No. 12-60648

Lyle W. Cayce
Clerk

In the Matter of:  S. WHITE TRANSPORTATION, INCORPORATED,

Debtor

---

ACCEPTANCE LOAN COMPANY, INCORPORATED,

Appellee

v.

S. WHITE TRANSPORTATION, INCORPORATED,

Appellant

---

Appeal from the United States District Court
for the Southern District of Mississippi

---

Before DENNIS, CLEMENT, and SOUTHWICK, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

S. White Transportation, Inc. ("SWT") appeals the district court's holding that a lien on its principal asset held by Acceptance Loan Co. ("Acceptance") survived confirmation of a Chapter 11 bankruptcy reorganization plan.  We AFFIRM.

No. 12-60648

## FACTS AND PROCEEDINGS

In 2004, Acceptance perfected a security interest in SWT's principal asset, an office building in Saucier, Mississippi. SWT contested the validity of this claimed lien on various grounds, resulting in years of litigation in Mississippi state courts that remains unresolved. After Acceptance's perfection of its putative interest, three other entities perfected security interests in the same building.

SWT filed a voluntary Chapter 11 bankruptcy petition on May 17, 2010. In its accompanying Schedule D list of secured creditors, SWT acknowledged the three later security interests but only listed Acceptance's lien as "disputed." Acceptance received effective notice of the pendency of SWT's bankruptcy on at least several occasions. However, Acceptance never filed a proof-of-claim in the bankruptcy court and otherwise did not involve itself in any way with the ongoing bankruptcy. On September 14, SWT submitted a reorganization plan (the "Plan") to the bankruptcy court. The Plan noted that Acceptance had never filed a proof-of-claim and that SWT contested the validity of Acceptance's lien. It provided for no recovery for Acceptance. The bankruptcy court confirmed the Plan on December 21.

On January 4, 2011, Acceptance moved the bankruptcy court for a declaratory judgment that its lien had survived the Plan's confirmation or, alternatively, for the bankruptcy court to amend its confirmation order to provide for Acceptance's lien. The bankruptcy court denied Acceptance's motion. It held that the Plan's confirmation voided any lien that Acceptance held and refused to modify the confirmation order. It based its decision on 11 U.S.C. § 1141(c), which provides that property dealt with by a confirmation plan is held "free and clear of all claims and interests." Although this court has

2

No. 12-60648

held that § 1141(c) only voids liens held by a "lien holder [who] participate[s] in the reorganization," *Elixir Indus., Inc. v. City Bank & Trust Co. (In re Ahern Enters., Inc.)*, 507 F.3d 817, 822 (5th Cir. 2007), the bankruptcy court held that Acceptance had "participated" within the meaning of this standard by having received notice of the bankruptcy.

Acceptance appealed the bankruptcy court's order to the district court, and the district court reversed, holding that mere notice does not constitute participation within the meaning of *In re Ahern Enterprises*. SWT appeals.

## STANDARD OF REVIEW

When reviewing appeals taken from a district court's review of an appeal from a bankruptcy court, "we perform the identical task as the district court, reviewing the bankruptcy court's findings of fact under the clearly erroneous standard and its conclusions of law *de novo*." *U.S. Abatement Corp. v. Mobil Exploration & Producing U.S. Inc. (In re U.S. Abatement Corp.)*, 79 F.3d 393, 397 (5th Cir. 1996) (footnote omitted).

## DISCUSSION

It is a longstanding rule in bankruptcy that "[a] secured creditor 'with a loan secured by a lien on the assets of a debtor who becomes bankrupt before the loan is repaid may ignore the bankruptcy proceeding and look to the lien for satisfaction of the debt.'" *Sun Fin. Co. v. Howard (In re Howard)*, 972 F.2d 639, 641 (5th Cir. 1992) (quoting *Simmons v. J.T. Savell (In re Simmons)*, 765 F.2d 547, 556 (5th Cir. 1985)). However, this default rule only applies so long as the lien is not "invalidated by some provision of the Code." *In re Simmons*, 765 F.2d at 556.

11 U.S.C. § 1141(c) provides that: "[A]fter confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of

3

creditors, equity security holders, and of general partners in the debtor." In *In re Ahern Enterprises*, we held that:

> Four conditions must . . . be met for a lien to be voided under section 1141(c): (1) the plan must be confirmed; (2) the property that is subject to the lien must be dealt with by the plan; (3) *the lien holder must participate in the reorganization*; and (4) the plan must not preserve the lien.

507 F.3d at 822 (emphasis added). The parties agree that the first, second, and fourth conditions of the *In re Ahern Enterprises* test are met by the facts of this case; they only dispute whether Acceptance's passive receipt of notice constitutes participation within the meaning of this test. We hold that it does not.

The *In re Ahern Enterprises* court avoided answering the question of what constitutes participation for these purposes. After noting that "the requirement that a secured creditor participate in the reorganization proceeding is a judicial gloss on section 1141(c)," it stated that "participation ensures that the secured creditor has notice of the plan and its potential effect on the creditor's lien." *Id.* at 823. It then explained that courts were split on whether active participation was required, *see id.* (citing *In re Penrod*, 50 F.3d 459, 462 (7th Cir. 1995)), or whether "the only participation necessary is that the creditor receive notice of the plan and an opportunity to object," *see id.* (citing *In re Reg'l Bldg. Sys., Inc.*, 251 B.R. 274, 287 (Bankr. D. Md. 2000)), before holding that "[i]n the instant case, it is a sufficient level of participation that [the creditor] filed a proof of claim as an unsecured priority creditor," *id.*

At the outset of our analysis, we note that the word "participation" connotes activity, and not mere nonfeasance. *See* BLACK'S LAW DICTIONARY 1229 (9th ed. 2009) ("The *act of taking part in something*, such as a partnership, a crime, or a trial." (emphasis added)); *see also Nat'l Fed'n of Indep. Bus. v.*

*Sebelius*, 132 S. Ct. 2566, 2587 (2012) (distinguishing between "activity" and a "deci[sion] not to do something" or a "fail[ure] to do it").

We further note that at least two circuit courts addressing similar issues have required more than notice. In *In re Penrod*, the Seventh Circuit stated that a secured creditor seeking to retain the value of a security interest has two options: he "can bypass his debtor's bankruptcy proceeding and enforce his lien in the usual way" outside of bankruptcy, or he can "decide to collect his debt in the bankruptcy proceeding, and to this end may file a proof of claim in that proceeding." 50 F.3d at 461. It further noted that a secured creditor "participat[es] in the bankruptcy proceeding through filing a claim." *Id.* at 462.

In *In re Be-Mac Transportation Co.*, the Eighth Circuit found a lien not voided by a plan confirmation in the face of far more active involvement in a bankruptcy by a secured creditor. In that case, the FDIC had filed a proof of secured claim and litigated that claim extensively before the bankruptcy court prior to plan confirmation. *FDIC v. Union Entities (In re Be-Mac Transp. Co.)*, 83 F.3d 1020, 1023 (8th Cir. 1996). However, the bankruptcy court denied the FDIC's secured claim as untimely and allowed the FDIC to proceed only as an unsecured creditor. *Id.* at 1023-24. The Eighth Circuit held that, despite the FDIC's receiving effective notice and its engagement throughout the bankruptcy process, that "the FDIC was not permitted to participate as a secured creditor [because of its own untimely filing meant that] its lien was never brought into the bankruptcy proceedings and could therefore not be extinguished by confirmation of the plan." *Id.* at 1027.

Furthermore, although we acknowledge that, contrarily, a Maryland bankruptcy court did state that notice alone satisfies the participation requirement for the extinguishment of liens under § 1141(c), *see In re Reg'l Bldg. Sys., Inc.*, 251 B.R. at 286-87, the opinion of the Fourth Circuit affirming

that case makes clear that at issue was a secured creditor that had involved itself extensively in the bankruptcy proceedings, filing a proof of claim, serving on an unsecured creditors' committee, and discussing its putative secured claim with that committee's counsel. *See Universal Suppliers v. Reg'l Bldg. Sys., Inc. (In re Reg'l Bldg. Sys., Inc.)*, 254 F.3d 528, 530 (4th Cir. 2001). We have been unable to find any case voiding a lien in the face of *no involvement* by a secured creditor other than the passive receipt of notice.[1]

In light of our interpretation of the definition of the word "participate" and in accordance with the above-cited persuasive authority from our sister circuits, we hold that meeting the participation requirement in *In re Ahern Enterprises* requires more than mere passive receipt of effective notice.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[1] SWT argues that the Supreme Court's decision in *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010), militates in favor of notice alone being sufficient. *Espinosa* dealt with a Rule 60(b) motion for relief from a final judgment. *Id.* at 271-72. The Court held that a mere procedural flaw was not a ground to void a judgment under Rule 60(b)'s high bar, which requires there to have been either a jurisdictional defect or due process violation underlying the judgment. *Id.* at 272. The Court found no due process violation because effective notice had been given to the moving party at the time of the proceedings. *Id.* This case does not implicate due process under Rule 60(b), and *Espinosa* is therefore wholly inapposite.