REAYLEY, Circuit Judge:
Baker Hughes Oilfield Operations, Inc. (Baker Hughes) an undersecured creditor in this bankruptcy proceeding appeals the refusal to allow it to promote its unsecured claim to secured status claim under Bankruptcy Code § 1111(b)(2). Both the bankruptcy court and the district court have rejected that claim and we affirm.

Background

Baker Hughes and other creditors filed a petition for involuntary Chapter 7 bankruptcy against R.L. Adkins, Corp. in July 2011 and the case was converted into a Chapter 11 proceeding in August. Scott Oils, Inc. proposed to purchase the mineral properties of the debtor and filed its Second Amended Plan of Organization on December 27, 2012. The Plan proposed the sale of substantial mineral interests, some 90 mineral leases and several wells, to Scott Oils “pursuant to Bankruptcy Code Section 363,” in exchange for over 3.4 million dollars.
The Plan recognized that Baker Hughes had a lien on four of these mineral leases and one well (Teeter # 1H). The full claim of Baker Hughes in the Teeter well is shown to be $321,506.28 but only a secured $38,753.22 interest. Four other creditors are shown to have secured interests in the Teeter well. On March 4, 2013 Baker Hughes filed for an election pursuant to § 1111(b)[1] to have its claim treated as secured to the full extent. Scott Oils replied by pointing to the terms of the statute that denies the election where “such property is sold under § 363 of this title or is to be sold under the Plan.” § llll(b)(l)(B)(ii).
Several days of hearing on confirmation of the Plan were held in April of 2013 and the Plan was confirmed on May 10, 2013. Baker Hughes did not appear at the hearing on confirmation and has not objected or appealed any act or decision of the bankruptcy court prior to the confirmation. Nor was the confirmation appealed. ' Following the confirmation, Baker Hughes has pursued its Section 1111 claim and argued that either it had the right to make a credit bid at the sale of the collateral or be granted election sought under § 1111(b).

Analysis

The Supreme Court has ruled that debtors may not sell their property free of liens without allowing a lienholder to credit bid. RadLAX Gateway Hotel, LLC v. Amalgamated Bank, — U.S. -, 132 S.Ct. 2065, 182 L.Ed.2d 967 (2012). Baker Hughes contends that it has been denied that right.
The Plan at section 6.1 provides that “the Trustee shall sell to Scott Oils all leasehold interests listed on Exhibit A ... free and clear of all liens, claims and encumbrances and pursuant to Bankruptcy Code § 363.” Section 363(k) grants the credit bid right to the creditor and reads:
At a sale under subsection (b) of this section of property that is subject to a lien that secures an allowed claim, unless the court for cause orders otherwise the holder of such claim may bid at such sale, and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property.
*980 The Plan appears to provide that the sale pursuant to § 363 gives the secured creditors the right to credit bid. However, Baker Hughes reads 6.1 of the Plan to address only the bulk sale itself and has the effect of denying the right to credit bid in the sale of the collateral of Baker Hughes. To support this reading of the law, Baker Hughes says it is the responsibility of the Trustee to make arrangements for the sale if the right is recognized. There were fifteen secured creditors here. The Trustee should be given notice from a creditor who wants to have a credit bid of collateral. Baker Hughes has never sought a credit bid, and there is no bidding without belief that the value of the collateral is higher than that of the lien.
Any uncertainty Baker Hughes had about the meaning of the Plan, and whether it had been denied the right to credit bid, could have been easily resolved at the hearing on confirmation or by objection or even appeal. Actually, it was resolved by the confirmation order which provided: “the Plan provides for the sale, subject to § 363(k) of the Bankruptcy Code, of property that is subject to the lien securing such claims.” This was a binding final judgment not appealed. See Republic Supply Co. v. Shoaf, 815 F.2d 1046 (5th Cir.1987).
Because Baker Hughes had the right to credit bid a sale of its secured interest and failed to exercise it and because Section 1111 denies its election, the bankruptcy and district courts correctly rejected the claim.
The Judgment is AFFIRMED.
APPENDIX
11 U.S.C. § 1111
§ 1111 Claims and interests
(a) A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(a)(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated.
(b)(1)(A) A claim secured by a lien on property of the estate shall be allowed or disallowed under section 502 of this title the same as if the holder of such claim had recourse against the debtor on account of such claim, whether or not such holder has such recourse, unless—
(i) the class of which such claim is a part elects, by at least two-thirds in amount and more than half in number of allowed claims of such class, application of paragraph (2) of this subsection; or
(ii) such holder does not have such recourse and such property is sold under section 363 of this title or is to be sold under the plan.
(B) A class of claims may not elect application of paragraph (2) of this subsection if—
(i) the interest on account of such claims of the holder's of such claims in such property is of inconsequential value; or
(ii) the holder of a claim of such class has recourse against the debtor on account of such claim and such property is sold under section 363 of this title or is to be sold under the plan.
(2) If such an election is made, then notwithstanding section 506(a) of this title, such claim is a secured claim to the extent that such claim is allowed.

. The text of Sec. 1111 is in the Appendix.