# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-11056

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2016

Lyle W. Cayce
Clerk

In the Matter of:  VITRO ASSET CORPORATION,

Debtor.

------------------------------

UNITED INDEPENDENT SCHOOL DISTRICT,

Appellant,

v.

VITRO ASSET CORPORATION, And its Affiliated Debtors, Reorganized Debtors and Appellees,

Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-236

Before STEWART, Chief Judge, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Appellant United Independent School District ("UISD") failed to timely

object to, or appeal from, the bankruptcy court's order confirming Appellees

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11056

Vitro Asset Corporation and its affiliated debtors' (collectively, "Reorganized Debtors") Chapter 11 reorganization plan. UISD then failed to file a claim for postpetition interest, penalties, and fees related to taxes on property owned by Reorganized Debtors within the period provided by the confirmed plan. UISD now argues that it should not be subject to the terms of the confirmed plan for various reasons. Because we agree with the district court that UISD's challenges to the plan are barred by res judicata, we affirm.

## I. BACKGROUND

In 2010, several creditors filed involuntary bankruptcy petitions under 11 U.S.C. § 303 against Reorganized Debtors. In 2012, the bankruptcy court granted these petitions and initiated bankruptcy proceedings.

UISD is an entity in Laredo, Texas, that has taxing authority. For the 2012 tax year, Vitro Packaging, L.L.C., an affiliated debtor of Vitro Asset Corporation, owned personal property within UISD's jurisdiction. In October 2012, UISD issued two tax bills to Vitro Packaging seeking a total of $464,709.97 (the "Base Taxes"). Pursuant to Texas law, UISD's claims were secured by a statutory lien on Vitro Packaging's property. *See* Tex. Tax Code Ann. § 32.01.

On April 4, 2013, Reorganized Debtors sought permission from the bankruptcy court to pay the taxes they owed, including those claimed by UISD. On April 5, UISD filed a proof of claim against Vitro Asset Corporation seeking a total of $598,360.56, which was comprised of $464,709.97 in Base Taxes, $51,118.10 in penalties and interest, and $82,532.49 in collection fees. This proof of claim, however, erred in several respects as it was directed to Vitro Asset Corporation when the property subject to the claimed taxes was actually owned by Vitro Packaging and improperly included amounts for postpetition interest, fees, and penalties. The bankruptcy court granted Reorganized Debtors' motion to pay taxes on April 23, and on April 24, Vitro Packaging paid

2

No. 15-11056

UISD $464,709.97—the amount claimed in the tax bills that had been issued by UISD. On June 19, 2013, UISD filed an amended proof of claim correcting the errors in its initial proof of claim. This amended proof of claim included Vitro Packaging as the debtor and no longer sought interest, penalties, or collection fees. As a result, the amended proof of claim sought only $464,709.97—the amount of the Base Taxes.

In November 2013, Reorganized Debtors filed their First Amended Joint Chapter 11 Plan of Reorganization. Several portions of this plan are relevant on appeal. Section 3.2 is titled "Unimpaired Classes of Claims and Interests" and provides in relevant part that "Class 2" claims "consist[] of all Allowed Secured Claims." It is undisputed that UISD's claims fall within this category.

Next, Section 3.5 provides deadlines for creditors possessing Class 2 claims such as UISD to seek "payment of either postpetition interest or reimbursement of attorney's fees and other costs associated with such claimant's Allowed Claim." Pursuant to this section, these creditors "shall file with the Bankruptcy Court (and serve on the Debtors and the Office of the United States Trustee) a request seeking such relief within 30 days after the Effective Date."

The bankruptcy court confirmed this plan on November 14, 2013. Pursuant to Federal Rule of Bankruptcy Procedure 8002, any appeal from the bankruptcy court's order confirming the Chapter 11 plan must have been filed within 14 days after entry of the order. Fed. R. Bankr. P. 8002(a). UISD neither objected to the plan nor filed a notice of appeal.

The confirmed reorganization plan became effective on December 19, 2013 (the "Effective Date"). Accordingly, pursuant to Section 3.5 of the confirmed plan, any claim for "payment of either postpetition interest or reimbursement of attorney's fees and other costs associated with such claimant's Allowed Claim" must have been made by January 18, 2014, which

3

was 30 days after the Effective Date. UISD did not file a claim with the bankruptcy court for postpetition interest, penalties, or collection fees during this period. On February 21, 2014, the bankruptcy court closed the proceedings. UISD received notice of each of these relevant documents.

In June 2014, UISD sent a letter to Vitro Packaging asserting that its earlier payment of the Base Taxes in April 2013 was insufficient due to the accrual of interest, penalties, and fees. In response, Reorganized Debtors stated that they had paid in full the amount sought in UISD's amended proof of claim and that any further collection efforts by UISD were improper. UISD's counsel responded that they would continue collection efforts, including by seizing inventory.

On October 9, 2014, Reorganized Debtors petitioned the bankruptcy court to reopen their bankruptcy cases and sought an order enforcing the confirmed plan. In response to Reorganized Debtors' motion, UISD presented the same argument to the bankruptcy court that it advances now on appeal: that application of Section 3.5 of the confirmed plan to its claims violates 11 U.S.C. §§ 502, 503, and 506, and this Court's decision in *Financial Security Assurance, Inc. v. T-H New Orleans Ltd. Partnership (In re T-H New Orleans Ltd. Partnership)*, 116 F.3d 790 (5th Cir. 1997), by improperly impairing UISD's claims. At the hearing on Reorganized Debtors' motion, however, UISD's counsel admitted that UISD had failed to raise this argument within the deadlines for objecting to, or appealing from, the plan. UISD's counsel further conceded that UISD had not filed a petition for interest or fees within the period provided by the plan.

The bankruptcy court granted Reorganized Debtors' request to reopen the bankruptcy cases and their petition to enforce the confirmation order. According to the bankruptcy court, UISD "failed to preserve any claim to the Disputed Fees on account of its Allowed Claim by [not] acting in accordance

with, and within the time frame required by, Section 3.5 of the Confirmed Plan." As a result, Reorganized Debtors' payment in April 2013 fully satisfied UISD's claim and UISD was not entitled to payment of any of the disputed fees. The bankruptcy court further held that any lien UISD may have held against Reorganized Debtors' property prior to the reorganization had been released and terminated upon the expiration of the 30-day claims period provided by Section 3.5 of the confirmed plan. Finally, the bankruptcy court issued an injunction prohibiting UISD from pursuing any further collection efforts related to the disputed fees. UISD sought reconsideration of this ruling, which the bankruptcy court denied.

On appeal from the bankruptcy court, the district court noted that while UISD asserted that the issue was whether the bankruptcy court improperly interpreted the plan such that it impaired UISD's claims, the actual issue was whether UISD's arguments were barred by res judicata. The district court held that each portion of UISD's claim—the taxes, interest, penalties, and collection fees—were covered by Section 3.5 of the confirmed plan and thus must have been sought within the 30-day period provided by the plan. Next, the district court held that the bankruptcy court had properly determined that UISD's lien had been discharged as part of the bankruptcy. Finally, the district court concluded that as a result of UISD's failure to timely object to, or appeal from, the bankruptcy court's order confirming the bankruptcy plan, UISD's arguments were precluded by res judicata. This appeal follows.

## II.  STANDARD OF REVIEW

"When a court of appeals reviews the decision of a district court, sitting as an appellate court, it applies the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court." *Sikes v. Crager (In re Crager)*, 691 F.3d 671, 675 (5th Cir. 2012) (quoting *Kennedy v. Mindprint (In re ProEducation Int'l, Inc.)*, 587 F.3d 296, 299 (5th

No. 15-11056

Cir. 2009)). That is, questions of law are reviewed de novo while factual findings are reviewed for clear error. *United States Dep't of Educ. v. Gerhardt (In re Gerhardt)*, 348 F.3d 89, 91 (5th Cir. 2003).

### III. DISCUSSION

At the outset, it is necessary to clarify the issue on appeal. Like it did before the district court, UISD challenges the plan on the ground that the plan improperly impairs its claims to interest, penalties, and collection fees.[1] However, as the district court properly observed, the threshold issue is whether UISD's arguments are barred by res judicata. Notably, UISD does not seriously contend that the district court erred in finding that its arguments are barred by res judicata. In fact, UISD concedes that it has "never claimed that the Plan has no res judicata effect as to UISD" and that it "does not disagree with the district court that the Plan has res judicata effect." Instead, UISD appears to argue that the district court should not have addressed the issue of res judicata because UISD did not raise this question as an issue on appeal.

UISD is mistaken. It is well settled that a court sitting on appeal is not limited to considering only those issues raised by the appellant, but "may affirm a judgment upon any basis supported by the record." *Templeton v. O'Cheskey (In re Am. Hous. Found.)*, 785 F.3d 143, 153 (5th Cir. 2015) (quoting

---

[1] UISD also appears to contend that the confirmed plan terms should not apply to its claims because Reorganized Debtors did not object to UISD's original proof of claim that sought interest, penalties, and fees. In making this argument, however, UISD conspicuously ignores the fact that it filed an amended proof of claim that did not seek these amounts. As the district court correctly observed, this amended proof of claim is binding. As we explained in *Simmons v. Savell (In re Simmons)*, 765 F.2d 547 (5th Cir. 1985), "filing of a proof of claim is tantamount to the filing of a complaint in a civil action." *Id.* at 552. As such, just like an amended pleading, an amended proof of claim supersedes the original filing and deprives the earlier filing of legal effect. *See Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985); *In re Enron Corp.*, No. 01 B 16034 (AJG), 2005 WL 3874285, at *1 (Bankr. S.D.N.Y. Oct. 5, 2005) ("The Amended Claim amended and superceded the Initial Claim."). Accordingly, the fact that Reorganized Debtors did not object to UISD's initial proof of claim is inconsequential.

No. 15-11056

*Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)). Moreover, UISD's failure to substantively contest the district court's ruling on res judicata waives this issue on appeal before this Court. *See Sanders v. Unum Life Ins. Co. of Am.*, 553 F.3d 922, 926 (5th Cir. 2008). Nevertheless, we address this issue below.

## A.    Application of Section 3.5 to UISD's Claims

UISD asserts that its claims are not covered by Section 3.5 of the confirmed plan. As clearly explained by the district court, this argument lacks merit. Section 3.5 applies to claims seeking "payment of either postpetition interest or reimbursement of attorney's fees and other costs associated with such claimant's Allowed Claim." Accordingly, by its unambiguous language, UISD's claim to postpetition interest is covered by this provision. The district court also correctly determined that this language, specifically "other costs associated with such claimant's Allowed Claim," includes UISD's claim to collection fees related to the Base Taxes owed by the Reorganized Debtors.

Next, UISD argues that its claim to penalties does not fall within this section because it is not seeking "reimbursement." However, as the district court observed, UISD itself considered these penalties to be a component of the interest owed as the tax bills it sent to Reorganized Debtors combined these amounts.

## B.    Res Judicata

Because each aspect of UISD's claim is covered by Section 3.5 of the confirmed plan, UISD was required to file a petition for these amounts within 30 days from the plan's Effective Date. UISD failed to do so. In an attempt to overcome this lapse, UISD argues that it should not be bound by this requirement because impairing its claims in this way would be at odds with Section 4.2 of the confirmed plan, 11 U.S.C. §§ 502, 503, and 506, and this Court's decision in *In re T-H New Orleans Ltd*. As the district court correctly

No. 15-11056

held, however, UISD's arguments challenging the confirmed plan are barred by res judicata.

Res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 934 (5th Cir. 1999). This principle is equally applicable to "bankruptcy plan confirmations." *Sun Fin. Co. v. Howard (In re Howard)*, 972 F.2d 639, 641 (5th Cir. 1992). As we explained in *Republic Supply Co. v. Shoaf*, 815 F.2d 1046 (5th Cir. 1987), where a creditor fails to object to, or appeal from, the confirmation of a bankruptcy plan, "[r]egardless of whether [a] provision [of the plan] is inconsistent with the bankruptcy laws," a challenge to the "propriety or legality" of the plan is "foreclosed." *Id.* at 1050.

### 1.    UISD's Lien

Generally, res judicata does not apply to secured creditors who possess a lien. *See id.* Res judicata may apply, however, where the lien has been discharged as part of the reorganization. *See In re Simmons*, 765 F.2d at 556–58. A lien may be discharged in bankruptcy under several circumstances, including invalidation of the lien by a provision of the bankruptcy code. *Acceptance Loan Co. v. S. White Transp., Inc. (In re S. White Transp., Inc.)*, 725 F.3d 494, 496 (5th Cir. 2013). As we have previously held, 11 U.S.C. § 1141(c), which provides that "after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors," has the effect of invalidating a lien where four conditions are met. *Id.* (quoting 11 U.S.C. § 1141(c)); *see also Elixir Indus., Inc. v. City Bank & Tr. Co. (In re Ahern Enters., Inc.)*, 507 F.3d 817, 822 (5th Cir. 2007) ("[T]he confirmation of a Chapter 11 plan voids liens on property dealt with by the plan unless they are specifically preserved, if the lien holder participates in the reorganization."). These four conditions are as follows: "(1) the plan must be confirmed; (2) the

8

property that is subject to the lien must be dealt with by the plan; (3) the lien holder must participate in the reorganization; and (4) the plan must not preserve the lien." *In re S. White Transp., Inc.*, 725 F.3d at 496 (emphasis omitted) (quoting *In re Ahern Enters., Inc.*, 507 F.3d at 822).

Each factor is met here. The First Amended Joint Chapter 11 Plan of Reorganization was confirmed by an order of the bankruptcy court on November 14, 2013. Second, the property subject to UISD's lien was dealt with by the plan. As the district court observed, circuit courts have held that a general reference to the property at issue is sufficient to satisfy this requirement. *See, e.g.*, *City of Concord v. N. New England Tel. Operations LLC (In re N. New England Tel. Operations LLC)*, 795 F.3d 343, 349 (2d Cir. 2015); *Airadigm Commc'ns, Inc. v. FCC (In re Airadigm Commc'ns, Inc.)*, 519 F.3d 640, 649 (7th Cir. 2008). Section 10.2 of the confirmed plan provides that:

> On the Effective Date, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, and except as otherwise provided in this Plan, the property of each Estate shall vest in the applicable Reorganized Debtor, free and clear of all Claims, liens, encumbrances, charges, and other interests, except as provided herein or in the Confirmation Order.

This general reference, which refers to all property held by Reorganized Debtors, includes the property to which UISD's lien was attached.

Third, UISD participated in the reorganization. UISD filed two proofs of claim: one which sought $598,360.56, and an amended proof of claim for $464,709.97. This conduct is sufficient to satisfy the participation requirement. *See Baker Hughes Oilfield Operations, Inc. v. Morton (In re R.L. Adkins Corp.)*, 784 F.3d 978, 981 (5th Cir. 2015) (Jones, J., concurring) (stating that a secured creditor may participate "by filing a proof of claim and then negotiating with the debtor or attempting to foreclose its lien"); *In re Ahren Enters., Inc.*, 507 F.3d at 823.

Finally, there is no dispute that the confirmed plan did not specifically preserve UISD's lien. Accordingly, the district court properly held that UISD's lien was discharged as part of the reorganization and that res judicata may therefore apply to UISD's claims.

### 2.     *Application of Res Judicata*

Res judicata will bar a claim where the following elements are met: (1) "the parties must be identical in both suits," (2) "the prior judgment must have been rendered by a court of competent jurisdiction," (3) "there must have been a final judgment on the merits" and, (4) "the same cause of action must be involved in both cases." *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983) (en banc) (quoting *Kemp v. Birmingham News Co.,* 608 F.2d 1049, 1052 (5th Cir. 1979)). These elements are satisfied here.

First, Vitro Asset Corporation and its affiliated debtors were parties to the bankruptcy proceedings. While UISD was not a formally named party, we have held that "[t]his element is satisfied not only by identity of 'formal or paper' parties but also of parties in interest, 'that is, . . . persons whose interests are properly placed before the court by someone with standing to represent them.'" *Shoaf*, 815 F.2d at 1051 (alteration in original) (quoting *Southmark Props. v. Charles House Corp.,* 742 F.2d 862, 869 (5th Cir. 1984)). In *Shoaf*, we held that a party met this requirement where, even though it was never formally named as a party to the bankruptcy proceedings, it participated as a creditor. *Id.* As addressed above, UISD participated in the bankruptcy proceedings by filing two proofs of claim. Second, the bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Third, the bankruptcy court's order confirming the plan constituted a final judgment. *Id.* at 1053.

Finally, "[t]o determine whether the same cause of action is involved in two suits, [this Court] has adopted the transactional test of the *Restatement (Second) of Torts.*" *Id.* Pursuant to this test, we ask whether UISD's claim

before the district court "arose out of the same transaction that was the subject of the bankruptcy court's order." *Id.* at 1054. This is unquestionably the case here. The bankruptcy court's order incorporated and confirmed the reorganization plan that UISD now challenges.

As a result, res judicata bars UISD's challenge to the terms of the plan at this late stage. UISD's complaints about the plan and its potential impairment of UISD's claims should have been brought within the period set for objections to, and appeals from, the confirmation order in 2013.

## IV.  CONCLUSION

The order of the district court is affirmed.