**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2019

Lyle W. Cayce
Clerk

No. 18-30526

In the Matter of:  WEBSTER BOOKER; LILLIE BRISTO BOOKER,

Debtors

-------------------------------------------------

WEBSTER BOOKER; LILLIE BRISTO BOOKER,

Appellants

v.

TODD JOHNS; FIRST HERITAGE CREDIT OF LOUISIANA, L.L.C.,

Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:16-CV-1604

Before JOLLY, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

The court has carefully considered this appeal in light of the briefs, oral arguments and pertinent portions of the record. The bankruptcy court, affirmed by the district court, found that these elderly Chapter 13 debtors'

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

second proposed plan of reorganization was not offered in "good faith" as required by 11 U.S.C. § 1325(a)(3). A subsequent attempt at a plan was confirmed, but the debtors exercised their option to appeal because it was less favorable than the plan that the court refused to confirm. We review the court's fact findings, including the ultimate finding of good faith, for clear error and its conclusions of law de novo. *Nationwide Mut. Ins. Co. v. Berryman Prods. (In re Berryman),* 159 F.3d 941, 943 (5th Cir. 1998).

As all parties including the experienced bankruptcy judge are aware, the concept of "good faith" in Chapter 13 embodies a number of factors and has a long legal pedigree. *See, e.g., Matter of Chaffin,* 816 F.2d 1070, 1073 (5th Cir. 1987) (noting totality of circumstances underlying good faith), *op. mod. on reconsideration,* 836 F.2d 215 (5th Cir. 1988); *Suggs v. Stanley (In re Stanley),* 224 F. App'x 343, 346 (5th Cir. 2007) (listing 7 factors). Here, the transcript shows that the court predicated a lack of good faith largely on the debtors' retention of a 1998 model fishing boat, together with motor and trailer, which served as partial collateral for a loan the debtors are paying off through the plan. The court considered this inequitable in a plan that was then estimated to yield only a 4% dividend on unsecured debt.[1]

Although not required to do so, the court did not otherwise particularize its concerns about the plan in terms of the factors listed in the above cases. We note, however, several critical but apparently overlooked facts. No one objected to the debtors' plan, including the trustee, other lenders and any unsecured creditors. Even the secured lender on the boat and other collateral related to the same debt voiced no objection to its treatment. The debtors voluntarily committed their Social Security receipts to paying off the plan in the absence

---

[1] The payment percentage was considerably higher vis a vis the final amount of approved unsecured claims.

of legal compulsion. *Beaulieu v. Ragos (In re Ragos),* 700 F.3d 220, 223 (5th Cir. 2012). The court acknowledged no problems inherent in the debtors' schedules of expenses, and no issue of credibility was raised. No one questioned the debtors' intent to comply with and fulfill the plan's payment schedule. The terms of the plan rejected by the court and the plan finally accepted differed in only one aspect: the debtors were forced to give up all collateral for the loan including the boat and its equipment, three TVs and a riding lawnmower. Otherwise, the proposed payments to unsecured creditors remained exactly the same. Given this fact-specific and unusual set of circumstances, we conclude that the bankruptcy court's finding of lack of good faith was clearly erroneous. That is to say, while there is evidence in support of the court's finding, "we are left with a firm and definite conviction that a mistake has been made." *Wilson v. Huffman (In re Missionary Baptist Found. of Am., Inc.),* 712 F.2d 206, 209 (5th Cir. 1983).

Because the bankruptcy court should have confirmed the plan earlier proposed by these debtors, we **VACATE** the judgment approving the Chapter 13 plan under which the boat and related collateral were forfeit, **REVERSE** the finding of lack of good faith concerning the second proposed plan, and **REMAND** for further proceedings consistent herewith.